UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN E. BOMPERS,<br>a/k/a JONATHAN DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>EUGENE STUBBLEFIELD, et al.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 4:06CV886 RWS<br>)<br>)<br>)<br>) |

## **ORDER AND MEMORANDUM**

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. Upon review of plaintiff's financial information, the Court will assess plaintiff an initial partial filing fee of $1.80. In addition, the Court has reviewed the instant complaint and finds that it should proceed forward at this time.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on June 7, 2006. See 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $9.00 and an average monthly account balance of $0.18. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.80, which is 20 percent of applicant's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**The Complaint**

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendants are Eugene Stubblefield (Superintendent), James Murphy (Sheriff), Leonard Edwards (Chief of Security), Carl Gilmore (Deputy Superintendent), Reginald Moore (Unit Manager), Unknown Hopgood (Deputy Sheriff), John Doe (Deputy Sheriff), and Unknown Wilkes (Correctional Officer).

Plaintiff alleges that while he was detained at St. Louis City Justice Center, Deputies Hopgood and Doe entered his holding cell under the false pretext of transferring him to another location. Plaintiff alleges that Hopgood and Doe then verbally intimidated him, sprayed mace on his face and clothing, assaulted him with a hand-held weapon, and kicked him while he was on the floor. Plaintiff further alleges that Wilkes, the correctional officer responsible for his cell, was present and aware of the alleged assault but made no attempt to stop it.

Plaintiff alleges that he verbally informed Moore and Gilmore of the alleged assault and that they took no action. Plaintiff claims that Stubblefield, Gilmore, Edwards, and Reginald Moore are personally responsible for the assault and are liable as supervisors under § 1983 because they failed to implement a written policy directing their employees to keep pre-trial detainees safe from assaults by sheriff deputies. Plaintiff further claims that these supervisory defendants demonstrated deliberate indifference to the alleged violations of his constitutional rights.

Plaintiff alleges that Murphy is personally responsible for the alleged assault and is liable as a supervisor under § 1983 because he failed to properly train his deputies and failed to implement a written policy detailing the proper conduct of deputies with inmates of the St. Louis City Justice Center.

Finally, plaintiff alleges that defendants further violated his constitutional rights by

depriving him of the ability to participate in the grievance process, therefore preventing him from exhausting his administrative remedies.

## Discussion

Plaintiff's claims against defendants survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.80 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2006.