UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. BOMPERS, <br> a/k/a JONATHAN DAVIS, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. 4:06CV886 RWS |
| EUGENE STUBBLEFIELD, et al., | ) <br> ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court on plaintiff's motion to appoint counsel and motion to subpoena pertinent documentation and information. Both motions will be denied.

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, I believe that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Additionally, Plaintiff's motion to subpoena pertinent documentation and information shall

be denied. There is no basis for the motion, and discovery shall proceed in accordance with the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel [#9] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to subpoena pertinent documentation and information [#7] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated thus 24th day of October, 2006.